1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9         **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  GEORGE ELVIE GADDIS,                No. CIV S-04-0181-MCE-CMK-P

12            Plaintiff,

13       vs.                          FINDINGS AND RECOMMENDATIONS

14  CALIFORNIA MEDICAL
    FACILITY, et al.,
15
              Defendants.
16
    _____/
17

18            Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil

19  rights action pursuant to 42 U.S.C. § 1983.  On April 13, 2005, the court granted plaintiff's

20  application for leave to proceed in forma pauperis and directed plaintiff to submit completed

21  forms within 30 days  for service of his complaint without pre-payment of costs by the U.S.

22  Marshal.  Plaintiff failed to comply and, on September 22, 2005, the court directed plaintiff to

23  show cause in writing within 20 days why this action should not be dismissed for lack of

24  prosecution and failure to comply with court rules and orders.  Plaintiff has not responded to the

25  order to show cause.

26  / / /

1

1      The court must weigh five factors before imposing the harsh sanction of dismissal.

2  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal

3  Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in

4  expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of

5  prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits;

6  and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52,

7  53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate

8  sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone,

9  833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where

10  there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.

11  1986).  Dismissal has also been held to be an appropriate sanction for failure to follow local rules.

12  See Ghazali, 46 F.3d at 53.

13      Having considered these factors, and in light of plaintiff's failure to comply with

14  court orders or to respond to the court's order to show cause, the court finds that dismissal is

15  appropriate.

16      Based on the foregoing, the undersigned recommends that this action be dismissed.

17      These findings and recommendations are submitted to the United States District

18  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

19  after being served with these findings and recommendations, any party may file written objections

20  with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

21  and Recommendations."  Failure to file objections within the specified time may waive the right

22  to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  DATED:   October 20, 2005.

24

25  _____
    **CRAIG M. KELLISON**
26  UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26